AB:RJN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

HECTOR PAGAN, JR.,

      Defendant.

- - - - - - - - - - - - - - - - -X

**M 11-1143**

AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(18 U.S.C. §§ 1951(a),
924(c)(1)(A)(ii) and
3551 et seq.)

EASTERN DISTRICT OF NEW YORK, SS:

      AL GYENES, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration, duly appointed according to law and acting as such.

      Upon information and belief, in or about the summer of 2009, within the Eastern District of New York, the defendant HECTOR PAGAN, JR. together with others, did knowingly and intentionally attempt and conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by the robbery of individuals participating in a gambling operation controlled by the Bonanno organized crime family of La Cosa Nostra, on Staten Island, New York. During and in relation to that crime of violence, the defendant HECTOR

PAGAN, JR., did knowingly and intentionally use and carry a firearm, which firearm was brandished.

(Title 18, United States Code, Sections 1951(a), 924(c)(1)(A)(ii) and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.  I am a Special Agent with the Drug Enforcement Administration ("DEA"). I have been a Special Agent with the DEA for approximately ten years. I am currently assigned to a DEA squad that investigates the organized crime families of La Cosa Nostra ("LCN"). During my tenure with the DEA, I have participated in investigations that have included, among other investigative techniques, the use of physical surveillance, execution of search warrants, consensual recordings of individuals associated with narcotics trafficking and other criminal activities and debriefing of confidential sources and cooperating witnesses. Through my training, education and experience, I have become familiar with narcotics trafficking and other criminal activities and the efforts of persons involved in such activity to avoid detection by law enforcement.

---

[1] Because the purpose of this Affidavit is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2.  I have participated in the investigation of the offenses described herein. As part of the investigation, among other things, I have conducted interviews of cooperating witnesses, reviewed reports of debriefings of witnesses by other law enforcement personnel, and reviewed reports by other investigative agencies. The statements contained in this affidavit are based in part on information provided by Special Agents of the DEA, other law enforcement personnel, confidential informants, cooperating witnesses and also are based on my experience and background as a Special Agent. All statements are provided in sum and substance and in part.

3.  Two cooperating witnesses ("CW1" and "CW2")[2] have advised that during the spring or summer of 2009, they, together with the defendant, HECTOR PAGAN, JR. and two other co-conspirators ("CC1" and "CC2") robbed a gambling operation in Staten Island New York, specifically, a weekly card game controlled by the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family").

---

[2] CW1 and CW2 are cooperating with the government in the hopes of receiving more lenient treatment with respect to their participation in criminal activities, including robberies and drug trafficking. CW1 and CW2 have pled guilty to racketeering, including predicate acts of armed robbery, and to the unlawful use of firearms in connection with those robberies. CW1 and CW2 have not yet been sentenced. Their information has been corroborated by information from other cooperating witnesses and confidential sources, civilian witnesses and documents such as phone records and police reports.

4

4. CW1 advised that PAGAN informed him and the other co-conspirators about a card game run by the Bonanno family. According to PAGAN, the participants in the card game bet substantial sums of money during the game, and, therefore, PAGAN suggested that he, CW1 and the other co-conspirators rob the participants of the card game.

5. CW1 advised that on the night of the robbery, CW1, CW2, PAGAN, CC1 and CC2 drove to the location of the card game in Staten Island, New York. CC2 served as the driver and remained in the car while the robbery took place. When an individual exited through the back of the location to smoke a cigarette, PAGAN, CW1, CW2 and CC1 entered through the open door. PAGAN, CW1 and CW2 each carried a gun.

6. According to CW1, once inside the location, CW1 ordered everyone inside to lie down on the floor while PAGAN pointed his gun at the victims. CW1 further advised that during the robbery, PAGAN threatened one of the victims by pointing his gun directly at one of the victim's legs. PAGAN, CW1, CW2 and CC1 ordered all of the victims to empty their pockets. One of the other co-conspirators entered a back room inside the location and found another individual hiding near a wall safe. The individual was ordered to open the safe, which was empty.

7. CW2 also advised that he, along with PAGAN, CW1 CC1 and CC2 drove to the same location described above by CW1 after

PAGAN suggested the robbery of the card game. CW2 advised that CC2 drove CW1, CW2, CC1 and PAGAN in a rented van to the location of the card game.

8. CW2 advised that based on PAGAN's description of the gambling operation, they expected to find large sums of money being placed as bets by the participants in the card game.

9. Inside, CW1, CW2, CC1 and PAGAN threatened the card game participants with guns. CC1 took a total of approximately $5,000 from the participants in the card game. During the course of the robbery, CC1 heard voices in another room and kicked in the door to that room. However, there was no additional money found in this room.

10. Because public filing of this document could result in a risk of flight by the defendant, as well as jeopardize the government's investigation, your deponent respectfully requests that the complaint and arrest warrant be filed under seal.

6

WHEREFORE, your deponent respectfully requests that a warrant be issued for the arrest of the defendant HECTOR PAGAN, JR. so that he may be dealt with according to law.

_____
AL GYENES
Special Agent
Drug Enforcement Administration

Sworn to before me this
21st day of November, 2011

_____  S/Carter
THE HONORA[BLE]
UNITED STA[TES]
EASTERN DI[STRICT]